**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LARAY J. BENTON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0432-12-0751-I-2 |
| 　　　　v. | |
| NUCLEAR REGULATORY<br>　COMMISSION,<br>　　　　　　Agency. | DATE: December 23, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

LaRay J. Benton, Mitchellville, Maryland, pro se.

Elva Bowden Berry, Esquire, and Molly Barkman Marsh, Washington, DC,
　　for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      On May 11, 2011, the agency issued the appellant, a GG-13 General Engineer (Reactor), a Notice of Performance Deficiencies advising him that his performance under Critical Element #2, Technical Analysis and Problem Solving, was below the fully successful level.  MSPB Docket No. DC-0432-12-0751-I-1, Initial Appeal File (I-1 IAF), Tab 15 at 16.  Under that element, the appellant was required to evaluate technical issues related to health, safety, and environmental review, including licensing activities, to solve problems that arose in technical and programmatic reviews, and to present recommendations for resolution.  *Id.*, Tab 16 at 141.  The applicable standards involved quality, timeliness and quantity, and supervision needed/independence.  *Id.*  The Notice explained that, because of the appellant's continued lack of improvement, even with an increasing level of supervisor oversight, he was in danger of falling to the unacceptable level. *Id.*, Tab 15 at 16.  On November 21, 2011, the agency issued the appellant a Notification of Unacceptable Performance and Implementation of Performance Improvement Requirements Memorandum (PIRM), advising him that his performance under Critical Element #2 was now unacceptable and

providing examples of such. *Id.* at 10. The Notification provided that the PIRM period was to last until March 20, 2012, and set out the assignments the appellant was expected to complete. *Id.*

¶3    On May 9, 2012, the agency proposed to remove the appellant based on his unacceptable performance under Critical Element #2, *id.* at 3, and, on July 16, 2012, the agency issued a decision to remove him, effective that day, *id.*, Tab 12 at 8. The appellant filed a timely Board appeal of the removal action in which he alleged, inter alia, retaliation for whistleblowing activity. The administrative judge dismissed the appeal without prejudice, subject to the appellant's right to refile no later than 15 days after the Board ruled on the retroactivity of several provisions of the Whistleblower Protection Enhancement Act.[2] *Benton v. Nuclear Regulatory Commission*, MSPB Docket No. DC-0432-12-0751-I-1, Initial Decision at 1, 3 (Jan. 23, 2013); MSPB Docket No. DC-0432-12-0751-I-2, Initial Appeal File (I-2 IAF), Tab 1.

¶4    The appellant timely refiled the appeal and requested a hearing. The administrative judge afforded the appellant an opportunity to set forth his affirmative defenses, I-2 IAF, Tab 7, and he responded, *id.*, Tab 10, after which the administrative judge set out the burdens of proof for both parties, *id.*, Tab 52. The parties made numerous additional submissions, *id.*, Tabs 53-59, and the administrative judge convened a hearing. *Id.*, Tab 60. Thereafter, she issued an initial decision affirming the agency's action. *Id.*, Tab 62, Initial Decision (I-2 ID) at 2, 49. She found that the agency proved that its performance appraisal system was approved by the Office of Personnel Management (OPM), I-2 ID

---

[2] On January 10, 2013, the appellant filed a whistleblower complaint with the Office of Special Counsel (OSC). After OSC advised him that it had terminated its inquiry into his allegations that the agency had engaged in retaliation in connection with poor performance evaluations, various nonselections, and his removal, the appellant filed an individual right of action (IRA) appeal on April 19, 2013, which the administrative judge dismissed for lack of jurisdiction. *Benton v. Nuclear Regulatory Commission*, MSPB Docket No. DC-1221-13-0508-W-1, Initial Decision (Aug. 14, 2013).

at 5-6; that the agency established that the appellant's performance standards were valid, I-2 ID at 6-8, and properly communicated them to him, I-2 ID at 8-9; and that the appellant was afforded a reasonable opportunity to improve his performance, I-2 ID at 10-14; but that, notwithstanding, his performance was unacceptable under Critical Element #2. I-2 ID at 14-21.

¶5 The administrative judge then addressed the appellant's affirmative defenses, finding that he did not establish his claim of discrimination based on race and sex under a disparate treatment theory, I-2 ID at 22-25, or his claim of discrimination based on religion, I-2 ID at 25-27. In connection with that claim, the administrative judge also found that the appellant did not establish any violation of his First Amendment right to free speech. I-2 ID at 27-28. In addition, she found that he did not establish that he was subjected to a hostile work environment. I-2 ID at 28-29. The administrative judge next addressed the appellant's claim of retaliation for whistleblowing, considering his thirteen alleged disclosures, but she found that he failed to show that any were protected. I-2 ID at 29-35. She also considered six additional disclosures the appellant raised in his IRA appeal but found similarly that he failed to show that any were protected. I-2 ID at 35-37. The administrative judge found unsupported the appellant's claim that he was removed in reprisal for having filed a formal agency grievance over his Fiscal Year (FY) 2010 performance appraisal. I-2 ID at 37-39. The administrative judge found that the agency did not violate the appellant's right to due process under 5 U.S.C. § 7513(b)(1), I-2 ID at 39-40, and that he did not establish any of his claims of harmful error, I-2 ID at 40-44. Finally, the administrative judge found that the appellant did not establish his claims that the agency retaliated against him for protected equal employment opportunity (EEO) activity, I-2 ID at 44-45, failed to train him, I-2 ID at 46-48, and committed prohibited personnel practices and/or violated merit system principles, I-2 ID at 48.

¶6  The appellant has filed a petition for review with exhibits, Petition for Review (PFR) File, Tabs 1-2, the agency has responded, *id.*, Tab 4, and the appellant has replied to that response, *id.*, Tab 5, submitting numerous exhibits with his reply,[3] *id.*, Tabs 6-10.

¶7  We first address the appellant's challenge to the administrative judge's finding that the agency established OPM's approval of its performance appraisal system. PFR File, Tab 1 at 9-10. The appellant argues that, because his performance standards changed between FY 2010 and FY 2011, the agency was required, but failed, to secure OPM approval for such changes. While an agency is required to submit to OPM for approval of its appraisal system, 5 C.F.R. § 430.209(a), it is not required to establish that specific critical elements or performance standards were, or are, submitted to OPM in order to establish valid OPM approval under 5 U.S.C. chapter 43. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 24 (2010); *Satlin v. Department of Veterans Affairs*, 60 M.S.P.R. 218, 222 (1993). Here, the administrative judge found, and we agree, that the agency established that OPM approved its performance appraisal system based on OPM's November 6, 2003 letter to the agency granting its approval, I-1 IAF, Tab 16 at 152, and testimony in accord by the Deputy Associate Director for Human Resources, deemed by the administrative judge to be credible, I-2 ID at 5-6; *see Lee*, 115 M.S.P.R. 533, ¶¶ 27-28.

¶8  The appellant disputes the administrative judge's finding that the agency properly communicated to him the standards under which he was rated. In this regard, he again points to changes in his standards from FY 2010 to FY 2011.

---

[3] We have not considered any of the appellant's numerous exhibits. They include a pleading from one of his EEO complaints, PFR File, Tab 1 at 35, the agency's opposition to that pleading and the appellant's rebuttal, *id.*, Tab 2, which, while new, are not material, *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); and documents related to his performance during the PIRM period, PFR File, Tabs 5-6, and other documents, *id.*, Tabs 7-10, which are part of the record below and therefore are not new. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

PFR File, Tab 1 at 10-11. The administrative judge considered the testimony of the proposing official to the effect that the changes were made by Human Resources, that they were minor, and that they applied to all employees, not just the appellant. I-2 ID at 9. The appellant has not identified any substantive changes to his standards and our review does not reveal any. *Compare* I-1 IAF, Tab 20 at 13, *with* I-1 IAF, Tab 16 at 139. Moreover, the appellant signed and approved his performance plan elements and standards at the beginning of the rating period for FY 2011 and again at the mid-year review. I-1 IAF, Tab 16 at 139. Therefore, he has not shown error in the administrative judge's finding that the agency properly communicated his standards to him.

¶9 The appellant alleges that the agency failed to show that his performance was unacceptable because he did not receive an official rating for FY 2011 and that therefore his rating of record is his rating for FY 2010 which was minimally successful and does not support removal. PFR File, Tab 1 at 11-12. The administrative judge found, based on the testimony of the Deputy Associate Director for Human Resources, which she found credible, that, because the appellant was placed on a PIRM period in November 2011, his FY 2011 rating was held in abeyance and that, under those circumstances, the agency was not required to provide him with a performance rating during that period.[4] I-2 ID at 10-11, 42. In any event, an agency is not estopped even by a prior satisfactory appraisal from taking a performance-based action against an employee at any time during the appraisal cycle where the employee's performance in a critical element becomes unacceptable. 5 C.F.R. §§ 432.104, 432.105(a),(b); *Lee v. Department of Labor*, 110 M.S.P.R. 355, ¶ 11 (2008). We therefore agree with the administrative judge that the agency's failure to give the appellant a performance rating for FY 2011 prior to removing him did not preclude the subsequent action.

---

[4] The administrative judge also considered this claim as one of harmful error, finding that the agency did not commit any error, much less harmful error. I-2 ID at 42.

¶10     The appellant argues that he was not warned of his performance deficiencies prior to, or during, the appraisal period and was not afforded a reasonable opportunity to improve.  PFR File, Tab 1 at 13.  As noted, 5 months before the appellant was notified of the PIRM period, he received a Notice of Performance Deficiencies which explained, and provided examples to show, that his supervisors viewed his work products as deficient in quality, not technically sound, and not organized in a logical manner.  I-1 IAF, Tab 15 at 16.  The agency also denied the appellant's within-grade increase on similar grounds.  *Id.* at 19.

¶11     In determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time which is sufficient to enable the employee to demonstrate acceptable performance.  *Lee*, 115 M.S.P.R. 533, ¶ 32.  The duties of a Reactor Engineer include serving as the principal and/or lead reviewer in the area of nuclear power plant technology, which includes reactor systems, reactor core design, and evaluations of design basis accident analyses, and performing and coordinating reviews and evaluations of reactor core and systems design, postulated accidents, and design basis accident dose assessments.  I-1 IAF, Tab 15 at 3.  The appellant has not challenged that the PIRM period lasted in excess of 120 days.  The Board has found that a 30-day performance improvement period can satisfy an agency's obligation to provide an employee with a reasonable opportunity to demonstrate acceptable performance.  *Lee*, 115 M.S.P.R. 533, ¶ 33.  The record further reflects that, during the PIRM period, the agency provided the appellant with detailed written feedback and conducted regular meetings at which his supervisors provided summaries of his progress.  I-2 IAF, Tabs 34-43.  This degree of assistance is greater than that which the Board has found sufficient to meet an agency's obligation.  *See Goodwin v. Department of the Air Force*, 75 M.S.P.R. 204, 208-09 (1997).  We therefore find that the appellant has not shown error in the administrative judge's

finding that the agency proffered substantial evidence that it afforded the appellant a reasonable opportunity to improve.  *See Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 20 (2013).

¶12        Although the appellant did not specifically challenge on review the administrative judge's finding that his performance under Critical Element #2 was unacceptable, we note that an agency's burden of providing substantial evidence of an appellant's unacceptable performance can be met largely by submissions of documentation through the charges and the appellant's working papers.  *See Fernand v. Department of the Treasury*, 100 M.S.P.R. 259, ¶ 10 (2005), *aff'd*, 210 F. App'x 992 (Fed. Cir. 2006); *see also Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶ 12 (2002).  A proposal notice can constitute valid proof of an agency's charges where, as here, the notice is not merely conclusory, but sets forth in detail the employee's errors and deficiencies.  *See Fernand*, 100 M.S.P.R. 259, ¶ 10; *see also* I-1 IAF, Tab 15 at 3-9.  In addition, the agency attached to the proposal notice all the documents it relied upon, including the revised drafts to assigned projects.  I-1 IAF, Tab 15 at 21-123.  Moreover, in addressing this issue, the administrative judge considered the testimony of the three agency officials who reviewed the appellant's work and found it deficient.  I-2 ID at 18-21.

¶13        The appellant challenges the administrative judge's finding that he did not establish his claims of race and sex discrimination.  PFR File, Tab 1 at 17.  The administrative judge appeared to find that the appellant had not established a prima face case but that, even if he had, the agency showed that it had a legitimate nondiscriminatory reason for removing him.   I-2 ID at 22-25.  However, because the record is complete and the agency has already articulated a legitimate, nondiscriminatory reason for its action, i.e., his alleged unsatisfactory performance, the agency has done everything that would be required of it if the appellant had made out a prima facie case, and whether he in fact did so is no longer relevant.  Rather, the inquiry proceeds directly to the ultimate question of whether, upon weighing all of the evidence, the appellant has met his overall

burden of proving illegal discrimination, that is, whether he has produced sufficient evidence to show that the agency's proffered reason was not the actual reason for the removal and that the agency intentionally discriminated against him. *See Jackson v. U.S. Postal Service*, 79 M.S.P.R. 46, 52-53 (1998). In addressing this claim, the administrative judge considered testimony of the proposing official (who also served as the appellant's mentor) that he has mentored a number of employees of various races and both sexes, and testimony of the deciding official that he had removed four employees, two for failing a PIRM period, an African American male and an Asian male, and that he had terminated a Hispanic male and an African American female during probation. I-2 ID at 24. Although the appellant challenges the administrative judge's finding on review, he has not referred to any specific evidence or made any specific argument. Under the circumstances, we find that the administrative judge reached the correct conclusion in rejecting this claim. *See Lee*, 115 M.S.P.R. 533, ¶ 43.

¶14      On review, the appellant argues that the administrative judge failed to consider his claim that his whistleblowing disclosures were a contributing factor in the agency's decision to remove him. PFR File, Tab 1 at 18-23. The administrative judge carefully considered the appellant's thirteen alleged protected disclosures, I-2 ID at 30-31, but found that he failed to show that any were protected because his claims did not demonstrate that a disinterested observer could reasonably conclude that the actions of the agency evidenced any wrongdoing as defined by 5 U.S.C. § 2302(b)(8). I-2 ID at 32-35; *see Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 22 (2014). The appellant has not challenged this finding and we discern no reason to disturb it. Rather the appellant challenges the administrative judge's failure to apply the "knowledge/timing" test. Because the administrative judge found that the appellant failed to show that he made any protected disclosures, a finding with which we agree, the administrative judge was not required to determine whether

the agency established, by use of the knowledge/timing test or any other means, that the appellant's disclosures were a contributing factor in the agency's decision to remove him.[5]   *See Shannon*, 121 M.S.P.R. 221, ¶ 21.   And, because the appellant failed to show that he made any protected disclosures, we also reject the appellant's claim on review that the administrative judge was required to consider whether the agency showed by clear and convincing evidence that it would have removed the appellant, even absent his disclosures.  PFR File, Tab 1 at 23-25; *see Shannon*, 121 M.S.P.R. 221, ¶ 24.

¶15        The appellant also argues on review that the administrative judge failed to consider his claim that he was a perceived whistleblower.  PFR File, Tab 1 at 18. In her prehearing conference summary, the administrative judge acknowledged the appellant's claim, citing *Juffer v. U.S. Information Agency*, 80 M.S.P.R. 81, ¶ 12 (1998), wherein the Board set out the appellant's burden of proof in such cases.   I-2 IAF, Tab 52 at 8.   Where an appellant alleges that the agency

---

[5] Of the alleged protected disclosures the appellant raises in this appeal, we note that he raised one, his disclosure that he was denied training, in his IRA appeal.  The administrative judge found that the appellant did not nonfrivolously allege that that disclosure was protected because the internal policy that he alleged the agency violated was not a law, rule, or regulation, but rather guidance.  In affirming the administrative judge's initial decision, the Board found no basis upon which to disturb her findings that the appellant failed to nonfrivolously allege that he made any protected disclosures. *Benton v. Nuclear Regulatory Commission*, MSPB Docket No. DC-1221-13-0508-W-1, Final Order at 6-7, 9 (July 29, 2014).  Whether the appellant's disclosure that he was denied training was a protected disclosure as raised in his IRA appeal is identical to the affirmative defense he raises in this appeal, the issue was actually litigated in the prior appeal, it was a critical issue in the jurisdictional determination that the Board lacked jurisdiction over the appellant's IRA appeal, and the appellant, the party precluded from relitigating the issue, had a full and fair opportunity to litigate the issue in the prior action.  We therefore find that the appellant is barred by collateral estoppel from relitigating whether his disclosure regarding denial of training was protected under the Whistleblower Protection Act.   *See Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 22 (2012); *see also Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988).  In so finding, we note that the Board's regulations specifically provide that nonprecedential final orders may be cited as authority by a party asserting issue preclusion, claim preclusion, collateral estopppel, res judicata, or law of the case. *Jenkins*, 118 M.S.P.R. 161, ¶ 22 n.3; 5 C.F.R. § 1201.117(c).

perceived him as a whistleblower, he must show that the agency's perception of him as a whistleblower was a contributing factor in its decision to take or not take the personnel action at issue. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 9 (2011). In the initial decision, the administrative judge acknowledged the appellant's claim, I-2 ID at 31, but made no findings on it. Inasmuch as the record is complete, we consider his claim now. Based on our review of the record, we find that the appellant has not shown that any agency officials believed that he made or intended to make disclosures that evidenced the type of wrongdoing listed under 5 U.S.C. § 2302(b)(8). *See King*, 116 M.S.P.R. 689, ¶ 8. On review, the appellant claims only that he did prove that the agency perceived him as a whistleblower, PFR File, Tab 1 at 21, but he has not pointed to any supporting evidence. His conclusory statement, without more, does not suffice, and we find that he has failed to meet his burden as to this claim.

¶16      The appellant argues that the administrative judge abused her discretion in failing to join his IRA appeal with the instant appeal. PFR File, Tab 1 at 27-29. The appellant did not request joinder in this matter. However, an administrative judge may join cases on her own motion if doing so would expedite processing of the cases and not adversely affect the interests of the parties. 5 C.F.R. § 1201.36(b)(1), (2). Adjudication of the instant appeal was scarcely underway at the time the administrative judge issued the initial decision dismissing the appellant's IRA appeal for lack of jurisdiction. Under these circumstances, we find that the administrative judge did not abuse her discretion in failing to join the appellant's two appeals.

¶17      The appellant argues that the administrative judge erred in failing to consider his claim that the agency's action violated 5 U.S.C. § 2302(b)(12), which provides that it is a prohibited personnel practice for an agency to take an action if to do so would violate any law, rule, or regulation implementing, or directly concerning, the merit system principles set out at 5 U.S.C. § 2301. PFR File, Tab 1 at 31. The merit system principle to which the appellant refers, (7),

states that employees should be provided effective education and training in cases in which such education and training would result in better organizational and individual performance. In this regard, the appellant essentially challenges the administrative judge's finding that he failed to establish his claim that the agency denied him training. The administrative judge found that training is within the discretion of the agency, that, during the PIRM period, the agency did deny the appellant certain training that, in its view, was not designed to help him improve his performance deficiencies but that it did approve, and he did take, other training that the agency believed would help him in that regard. I-2 ID at 46-47. The administrative judge acknowledged the appellant's claim that the agency allowed other employees to take certain training that it denied him, but she found that he was not similarly situated to those employees because he was on a PIRM period and they were not. The administrative judge concluded that the agency did not abuse its discretion in its decision to allow or disallow certain training for the appellant during the PIRM period. I-2 ID at 47-48. Based on the appellant's arguments on review which amount to mere disagreement with the administrative judge's findings, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

¶18    The appellant next argues that the administrative judge failed to consider his claims that the agency violated his First Amendment rights and his Fifth Amendment right to due process. PFR File, Tab 1 at 32-33. On the contrary, the administrative judge considered the appellant's claim that the agency violated his First Amendment right to free speech when certain officials scrutinized and questioned the Biblical quote of the Thirty-fifth Psalm that he appended to an email he sent to the deciding official. The administrative judge found that, because the appellant appended the quote just after he received the proposal notice, the deciding official had a reasonable basis to question it, noting that the agency did not discipline the appellant for it. I-2 ID at 27-28. The administrative

judge concluded that the deciding official struck the appropriate balance between his concern for the safety of the agency's employees and the appellant's right to free speech and that therefore the appellant did not prove this affirmative defense. I-2 ID at 28. Similarly, the administrative judge considered the appellant's claim that the agency violated his Fifth Amendment right to due process with regard to the designation of the deciding official. The administrative judge found that the appellant was afforded notice and an opportunity to respond prior to the effective date of his removal and that therefore he failed to show that he was denied fundamental due process. I-2 ID at 40. Beyond his disagreement, the appellant has not shown error in the administrative judge's finding that he did not establish that he was denied these constitutional rights. *Cf. Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 16 (2012) (where the agency did not provide the appellant an opportunity to make a response in connection with the reduction-in-grade action, the agency failed to provide him with minimum due process); *see Voorhis v. Department of Homeland Security*, 116 M.S.P.R. 538, ¶ 28 n.5 (2011) (the government's concern in protecting against unauthorized access and disclosure of law enforcement information outweighs the appellant's interest in providing evidence of allegedly objectionable plea bargaining practices to a political campaign), *aff'd*, 474 F. App'x 778 (Fed. Cir. 2012).

¶19      Finally, the appellant argues that the administrative judge erred in failing to address the reasonableness of the penalty. The appellant asserts that the administrative judge should have addressed the factors set forth by the Board in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and that, had she done so, she would have determined that mitigation was appropriate. PFR File, Tab 1 at 29-30. It is well established, however, and the administrative judge

properly found, that the Board has no authority to mitigate a removal taken under 5 U.S.C. chapter 43. *See Lee*, 115 M.S.P.R. 533, ¶ 6; *see also* I-2 ID at 43.[6]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

---

[6] The appellant requested that the Board vacate the administrative judge's decisions in his stay requests. PFR File, Tab 1 at 33. The administrative judge denied the appellant's first stay request, finding that he did not show that he made protected disclosures or that there was a substantial likelihood that he would prevail on the merits of his appeal. *Benton v. Nuclear Regulatory Commission*, MSPB Docket No. DC-0432-12-0751-S-1, Initial Appeal File, Tab 4, Order at 3 (Oct. 22, 2012). The administrative judge denied the appellant's second stay request on the same grounds. *Benton v. Nuclear Regulatory Commission*, MSPB Docket No. DC-0432-12-0751-S-2, Initial Appeal File, Tab 3, Order at 19 (Sept. 13, 2013). However, an appellant may not challenge an administrative judge's order on a stay request under the Whistleblower Protection Act through the petition for review process; a request for an interlocutory appeal is the only option. *Mogyorossy v. Department of the Air Force*, 96 M.S.P.R. 652, ¶ 24 (2004). Here, the appellant did not seek an interlocutory appeal as to the administrative judge's ruling on either stay request. Thus, on review the Board will not consider the appellant's challenge to the administrative judge's denials of his stay requests. *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 30 (2011).

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B)  (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.



FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.